IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CARPENTERS DISTRICT COUNCIL OF KANSAS CITY PENSION FUND, et al., | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) No. 4:16-cv-00053-DGK |
| CHAMBERS-FREEMAN DRYWALL CONSTRUCTION, INC., | )<br>)<br>)<br>) |
| Defendant. | ) |

## ORDER FINDING DEFENDANT LIABLE TO PLAINTIFFS ON COUNTS I-V AND ORDERING DEFENDANT TO PERMIT AN ACCOUNTING FOR DAMAGES

After Defendant Chambers-Freeman Drywall Construction, Inc., failed to respond to Plaintiffs' Complaint, the Clerk entered default against it. Plaintiffs now move for a default judgment pursuant to Federal Rule of Civil Procedure 55(b) (Doc. 5). For the reasons set forth below, the motion is GRANTED IN PART.

**Background**

Plaintiffs in this action are four trust funds ("the Funds") established as employee benefit plans pursuant to trust agreements between the Builders Association of Missouri, the Associated General Contractors of St. Louis, the Home Builders Association of Greater St. Louis (collectively, the "Associations") and The United Brotherhood of Carpenters and Joiners of America, District Council of Kansas City and Vicinity, AFL-CIO (the "Union"). The remaining Plaintiffs are the acting trustees of each of the Funds[1] and the Union.

---

[1] Specifically, Keith Winn and Donald E. Greenwell, III, are the acting trustees of the Carpenters District Council of Kansas City Pension Fund. Dennis Joyce and James W. Carson are the acting trustees of the Carpenters' Health and Welfare Trust Fund. Albert L. Bond and Renee Bell are the acting trustees of the Carpenters Vacation Trust Fund of St. Louis and the Carpenters' Joint Training Fund of St. Louis.

1

According to the Complaint, Defendant employed carpenters who were Union members, and Defendant agreed to be bound by the trust agreements and certain other collective bargaining agreements (collectively, the "Agreements") between the Associations and the Union. At issue are three obligations of Defendant under the Agreements. First, Defendant agreed to pay and contribute to the Funds various sums per hour for each employee covered by and subject to the Agreements. Second, Defendant agreed to submit regular written reports detailing the names, hours worked, and amounts contributed for each employee covered by the Agreements. Finally, Defendant agreed to allow Plaintiffs to examine, inspect, and audit Defendant's books and records to ensure that Defendant's obligations under the Agreements are being faithfully performed.

Since January 1, 2014, Defendant has refused to comply with these obligations.

Plaintiffs sued Defendant under the Employee Retirement Income Security Act ("ERISA"). The Funds, their trustees, and the Union seek money damages, including the unpaid fringe benefit contributions and interest. They seek an order requiring Defendant to: (1) make deposits in advance of work, enter into an escrow arrangement with Plaintiffs, or post a corporate bond guaranteeing performance under the Agreements; (2) maintain records sufficient to determine the benefits due to each employee; and (3) specifically perform all provisions of the Agreements with respect to the reporting and payment of fringe benefit contributions.

Plaintiffs served Defendant's registered agent, Burkey Chambers (Doc. 3). When Defendant failed to respond to the complaint, Plaintiff moved for an entry of default against Defendant (Doc. 5). The Clerk entered default (Doc. 10), and the Court ordered Defendant to show cause why default judgment should not be entered against it (Doc. 11). Defendant failed to respond.

**Standard**

In considering a motion for default judgment, the court takes as true all allegations in the complaint that relate to liability. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). The court does not take as true conclusions of law or factual allegations relating to damages. *Id.* The court may enter default judgment against a defendant if the resulting facts constitute a legitimate cause of action. *Id.*

**Discussion**

In Counts I through V, each fund and the Union sues Defendant for violating ERISA's plan-contribution and recordkeeping provisions.

ERISA provides "strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent [ERISA plan] accounts." *Kern v. Goebel Fixture Co.*, 765 F.3d 871, 875 (8th Cir. 2014) (alteration in original). Specifically, an employer must make contributions to an employee pension benefit plan if required to do so by a collective bargaining agreement. 29 U.S.C. § 1145. Such an employer must maintain records on what benefits are due or may become due to such employees. *Id.* § 1059(a). An employer is civilly liable to a plan for violating any of these provisions. *Id.* § 1132(a)(3).

Here, Defendant was obligated to make fringe benefit contributions to each fund and submit reports detailing the required contributions. Defendant has not made these contributions or maintained records on the required contributions since January 1, 2014. This constitutes a violation of ERISA, and Defendant is liable to the Funds, their trustees, and the Union on Counts I through V. *See id.* §§ 1145, 1059(a).

Having found Defendant liable on Counts I through V, the Court now must determine the appropriate relief. Upon default, a court may fix the amount to which plaintiff is lawfully

entitled to recover "by taking evidence when necessary or by computation from facts of record." *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). The court may hold evidentiary hearings when necessary to conduct an accounting or determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(A)-(B).

Here, Plaintiffs have not provided any evidence regarding the damages amount, and the Court cannot award damages based on the Complaint alone. Therefore, the Court orders Defendant to permit an accounting by Plaintiffs. After this accounting, the Court may hold an evidentiary hearing to determine the amount of damages and the scope of injunctive relief.

## Conclusion

Plaintiffs' motion (Doc. 5) is GRANTED IN PART. The Court finds in favor of Plaintiffs on Counts I through V, and takes the remedies under advisement. Defendant is ordered to permit an accounting by Plaintiffs of all business books and records relating to Plaintiffs' claims from January 1, 2014, to the present.

Plaintiffs must file a status report regarding this accounting no later than October 28, 2016.

**IT IS SO ORDERED**.

/s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: September 23, 2016